UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HINTON GILM ER, JR., )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 1:13CV00140 SNLJ |

**MEMORANDUM AND ORDER**

This case is a motion under 28 U.S. C. § 2255 to vacate, set aside or correct sentence by Hinton Gilmer, Jr., a person in federal custody.  On June 15, 2012, Gilmer plead guilty before this Court to the offense of conspiracy to distribute 280 grams or more of cocaine base and, on September 24, 2012, this Court sentenced Gilmer to the Bureau of Prisons for a term of 180 months, a sentence within the sentencing guideline range. Gilmer's § 2255 action, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

**Procedural History**

On July 21, 2011, Movant Hinton Gilmer, Jr., along with eight other individuals were charged with conspiring together to distribute more than 280 grams of cocaine base. Gilmer was arrested on August 11, 2011. (Document 1 in the case below, Case No. 1:11CR93) A few weeks later, on September 8, 2011, the "Government's Memorandum Regarding Evidence and Potential Standing" (Doc.146) was filed, which consisted of fourteen pages. The Memorandum identified and detailed the voluminous and various types of evidence that the Government disclosed during the discovery process in the case. *Id*.

On December 30, 2011, Gilmer's attorney filed a "Waiver of Filing Pretrial Motions"

(Doc. 245), which indicated that (1) he had received discovery from the Government, (2) he provided a copy of the discovery to Gilmer, (3) reviewed and discussed the discovery with Gilmer, (4) based on the review of the materials Gilmer did not wish to file any pre-trial motions, and (5) he agreed with Gilmer's decision not to file any pretrial motions. A hearing regarding the waiver was held on January 18, 2012 (Doc. 287), and Gilmer orally affirmed that he had reviewed the extensive discovery in the case and wished to waive his right to file pretrial motions. (Doc. 549, Transcript (Pretrial Motions Waiver) at pp. 3-5) Gilmer's waiver was accepted. (Doc. 288, Order Regarding Waiver)

On June 25, 2012, Gilmer pled guilty as charged. (Document 368) Gilmer was sentenced to 180 months imprisonment, pursuant to the terms of a plea agreement, on September 24, 2012. (Doc. 464)

On or about September 25, 2013, Movant Hinton Gilmer, Jr., filed a "Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence."  Within the Motion, Gilmer identified a single ground to support his request. Gilmer claimed that his due process rights were violated, alleging that:

> . . .I was not given a Motion of Discovery concerning my case; no police report, no paper work at all other than the indictment, Plea Agreement and a P.S.I. The week before sentencing. After 12 month of confinement in Cape County Jail continually asking my attorney Jason A. Tilley for my Motion of Discovery. He told me he was court ordered not to give me anything pertaining to my case.

### **Need for an Evidentiary Hearing and Burden of Proof**

28 U.S.C.  § 2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A § 2255 motion may be dismissed without hearing if (1) the movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Winters v. U.S.*, 716 F.3d 1098, 1103 (8th Cir. 2013) (quoting *Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir.2001)).

The remedy provided by § 2255 does not encompass all claimed errors in conviction and sentencing. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). A federal prisoner may file a § 2255 motion if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack. *Meirovitz v. U.S.*, 688 F.3d 369, 370-71 (8th Cir. 2012) cert. denied, 133 S. Ct. 1248 (U.S. 2013).

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See*, *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir.1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See*, *Payne v. United States*, 78 F.3d 343, 347 (8th Cir.1996). When all the information necessary for the court to make a decision with regard to claims raised in a § 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

### Pretrial Motion Waiver Hearing

Gilmer's § 2255 Motion alleges that he did not have an opportunity to review the discovery for his case and that his due process rights were violated. A waiver of motions hearing was held before United States Magistrate Judge Lewis M. Blanton on January 18, 2012. (Doc. 287) During that hearing, an extensive record was made regarding Gilmer's opportunity to review the discovery in the case and his decision to waive his right to file pretrial motions. The transcript from the hearing provides a clear record regarding the fact that Gilmer and his attorney had reviewed the voluminous discovery that had been provided by the Government, as well as the fact that following a review of all the discovery Gilmer knowingly and voluntarily decided to waive his right to file pretrial motions. A substantial portion of the transcript is provided here to

demonstrate that Gilmer's due process rights were honored:

> THE COURT: The purpose of this hearing is to take up any pretrial motions which have been filed, and there have not been pretrial motions filed in this case, but on your behalf, Mr. Gilmer, Mr. Tilley has filed the following statement concerning pretrial motions: He says he has received and reviewed various discovery materials from the attorney for the Government concerning your case. He says he has provided a copy of those materials to you.
>
> Mr. Tilley says he has personally reviewed and discussed those materials with you and that after that review and discussion you decided that you do not wish to raise any issues by way of pretrial motions in this matter, which is another way of saying you've decided not to file pretrial motions. And Mr. Tilley says he agrees with your decision not to raise any issues by way of pretrial motions.
>
> And my question to you is, is this statement correct?
>
> GILMER: Yes, sir.
>
> THE COURT: You have to speak up just a little bit.
>
> GILMER: Yes, sir.
>
> THE COURT: Okay. Thank you.
>
> Mr. Tilley, would you care to give the background. This is a case that involves a lot of discovery, as you know, and I thought maybe you could elaborate a little bit on - -
>
> MR. TILLEY: Your Honor, to say a lot would be an understatement. It's about 15 pounds worth of typewritten paper. I've spent a number of months going over this. I've had a number of meetings with Mr. Gilmer. I've also provided him a copy of all of the materials. In particular we've reviewed whether or not there was anything potentially suppressible with regards to the wiretaps. I mean, that was our biggest concern.
>
> It appears from a review of the discovery materials as well as the schedules that I got that those were done

|||
|---|---|
| | appropriately pursuant to warrants. And myself, my client along with my recommendation have made the decision that it is - - that there's no basis - - no legal basis for any pretrial motions, specifically motions to suppress evidence or statements. |
| THE COURT: | Okay. Now, Mr. Tilley is an experienced attorney, and he's gone over I'm sure the pros and cons of filing or not filing pretrial motions thoroughly and completely, but I would still like to just touch on a few things. |
| | And Mr. Tilley had mentioned motions to suppress. Those are frequent - - fairly frequent motions when there has been material that either you or Mr. Tilley would believe had been obtained in a court - - in violation of your constitutional rights, whether taking a statement from you without any Miranda warnings or whether going into your home without a search warrant or without permission and obtaining things that the agents think they could use against you in a trial, which all of which would have been illegal and improper and for which you'd have a motion to suppress, or which is a legal term meaning exclude, throw out, get rid of that evidence. |
| | Now, if you had filed a motion - - any type of pretrial motion, we'd have a hearing. If it were a motion to suppress evidence, at that hearing the Government would be required to show that any evidence they wanted to use against you in a trial, whether a statement, whether physical evidence like drugs, weapons, tapes, wiretaps, anything like that, they'd be required to show that that evidence had been obtained in accordance with your rights. And if they could show that, then I would deny your motion to suppress, and that evidence could be used against you in a trial: Do you understand that? |
| GILMER: | Yes, sir. |
| THE COURT: | Now, if at a hearing the Government could not show that evidence they wanted to use against you in a trial if they couldn't show that that had been legally and properly obtained in accordance with your rights, then I would suppress that evidence, and it could not be used against you |

- 6 -

|  |  |
|---|---|
|  | in a trial: Do you understand that? |
| GILMER: | Yes, sir. |
| THE COURT: | Okay. Now, you haven't filed any pretrial motions, so there won't be any further hearing on pretrial motions, and as a result whatever evidence the Government has can be used against you in a trial: Do you understand that? |
| GILMER: | Yes, sir. |
| THE COURT: | And, as in so many of the way things work in our modern, kind of fast-paced world, now is the time for filing motions and for having a hearing, pretrial motions. And if you don't do it now, you won't be able to do it later on.<br><br>It's a permanent waiver. And you can't come in two weeks from now, two months from now and say, well, I've thought about it, and I want to throw out this piece of evidence. You won't be able to do that. Do you understand that? |
| GILMER: | Yes, sir. |

(Doc. 549 at pp. 2-7)

Following the hearing an Order was entered by United States Magistrate Blanton wherein he found that:

> . . .The defendant appeared with counsel, and after being advised of the right to file motions and to have an evidentiary hearing, defendant knowingly and voluntarily waived his/her right to file or proceed on pretrial motions and to an evidentiary hearing. There are no outstanding motions in this matter. . .

(Doc. 288)

## **Discussion**

The record of this case supports that Gilmer received and reviewed the voluminous discovery in the case with his attorney. Following that review, Gilmer knowingly and voluntarily

waived his right to file pretrial motions. Based on the history of this case, it is clear that Gilmer's due process rights were not violated.

An evidentiary hearing is not required when all the information necessary for the court to make a decision with regard to claims raised in a § 2255 motion is included in the record. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). Furthermore, when the files and records of a case conclusively show that a petitioner is not entitled to relief an evidentiary hearing is unnecessary. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992). The record of this case reveals that Gilmer's claim of a violation of his due process rights is untrue; his motion shall be dismissed.

### Conclusion

For the foregoing reasons, Gilmer's § 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Gilmer has not made a substantial showing of the denial of a federal constitutional right.

**SO ORDERED** this 30th day of December, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE